```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**FRANCIS KAESS,**

      **Plaintiff,**

  v.                                      **CIVIL NO. 1:22-CV-51**
                                                           **(KLEEH)**

**JAY-BEE OIL & GAS, INC.,**
**JAY-BEE PRODUCTION COMPANY, and**
**BB LAND, LLC,**

      **Defendants.**

## DISMISSAL ORDER

On March 7, 2023, the Court stayed Count Three and a portion of Count One (the portion relating to the "February 15 Lease") pending their arbitration.[1]  See ECF No. 26.  The Court also dismissed all non-arbitration claims against Defendants Jay-Bee Oil & Gas, Inc. and Jay-Bee Production Company.  See id.  On July 21, 2023, the Court granted Defendant BB Land, LLC's motion for summary judgment with respect to the second portion of Count One.  See ECF No. 59.  Accordingly, at that time, the only count that remained at issue was Count Two.  Now, the parties agree that Count Two is subject to a class action settlement in Brenda Lea Hopper and Judith Ash-Young et al. v. Jay-Bee Oil & Gas et al., Case No. 5:20-cv-101 (N.D.W. Va.).  The Court, therefore, lacks subject

---

[1] The Court herein refers to two portions of Count One, which, together, constitute the entirety of Count One.

**DISMISSAL ORDER**

matter jurisdiction over Count Two. See <u>Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC)</u>, 528 U.S. 167, 192 (2000).

At this juncture, given that the only counts remaining are in arbitration, the Court finds it appropriate to dismiss those counts. See <u>Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.</u>, 252 F.3d 707, 709-10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Count Two, Count Three, and the portion of Count One that was sent to arbitration (relating to the February 15 Lease). The Court additionally **ORDERS** as follows:

- The entire case is **DISMISSED** and **STRICKEN** from the Court's active docket;

- All pending motions shall be **TERMINATED** [ECF No. 86]; and

- The Clerk is **DIRECTED** to enter a separate judgment order addressing only the second portion of Count One, which was addressed in the Court's summary judgment ruling. See ECF No. 59.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: June 10, 2025

*Tom S Kleeh*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA